

EXHIBIT B

Susan A. Manardo
**Acting NA General Counsel**

Tel: (908) 981-4997
Fax: (908) 635-5976
Email: susan.manardo@sanofi.com

February 23, 2016

*VIA OVERNIGHT MAIL*

Captain Krista M. Pedley, PharmD, MS, USPHS
Director
Office of Pharmacy Affairs
Health Resources and Services Administration
5600 Fishers Lane
Rockville, MD 20857

      **Re:  340B Ceiling Price for Genzyme Corporation Products**

Dear Captain Pedley:

      Sanofi U.S. ("Sanofi") is in receipt of, and thanks you for, your correspondence dated February 9, 2016.

      On June 10, 2015, we wrote to inform the Office of Pharmacy Affairs ("OPA") that Sanofi had reexamined the practice of setting its ceiling price at $0.01 per unit when the ceiling price calculates or rounds to zero, in accordance with Release 2011-2, and had concluded that penny pricing is not required, and that alternative approaches are permissible. The June letter is attached hereto as Attachment 1.  Indeed, since our letter, HRSA issued a proposed rule, on which Sanofi commented, and in which HRSA itself acknowledged that the penny pricing policy is not enforceable. 80 Fed. Reg. 34,583, 34,586 (June 17, 2015) ("This proposed regulation would allow HRSA to enforce the [penny pricing] policy in a manner that would require the manufacturer to charge a $0.01 . . .").

      Accordingly, effective July 1, 2015, Sanofi adopted the alternative approach of setting a product's 340B ceiling price at the product's Federal Ceiling Price ("FCP") when the calculated 340B ceiling price equals or rounds to zero.



For the reasons explained in detail in our June letter, we believe employing the FCP is a reasonable approach. Among other things, the important similarities between the Department of Veterans Affairs Federal Supply Schedule program (which utilizes the FCP) and the 340B program form a reasonable basis for Sanofi to make its covered outpatient drugs available to covered entities under the 340B program at the FCP. This approach is in keeping with the spirit of the 340B statute by continuing to extend statutorily discounted pricing to the 340B covered entities. In fact, applying the FCP results in covered entities accessing Sanofi's drugs at the same price guaranteed to major federal agencies.

Please let us know as soon as possible if OPA believes Sanofi's approach is impermissible under the statute or the Pharmaceutical Pricing Agreement and, if so, the basis for that belief. Sanofi would want to meet with OPA to go over the basis for any such belief.

*     *     *     *     *

As we did with respect to our June 10 letter, we hereby request that HRSA maintain the confidentiality of this letter and of all Sanofi-related information herein to the greatest degree and extent permitted by law. We specifically request that, in accordance with the Freedom of Information Act ("FOIA"), HRSA's FOIA regulations, and Executive Order 12600, HRSA protect all of the information provided in this letter and the accompanying materials from public disclosure. We believe that all of this information constitutes financial and/or confidential commercial information not subject to disclosure under FOIA. Sanofi hereby designates the information in this letter (including all attachments) as exempt from disclosure under Exemption 4 of FOIA. When any of this designated information is requested under the FOIA or otherwise, we request that HRSA notify Sanofi of the request and afford Sanofi the opportunity to submit objections to disclosure.

Thank you for your consideration of this matter.

Sincerely,

Susan A. Manardo
Acting NA General Counsel, Sanofi U.S.

Enclosure